THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CAROL A. SULLIVAN and :
BRUCE SULLIVAN, *individually and/or* :
*as co-administrators of the estate of* :
*Sean Sullivan* :
: CIVIL ACTION
      v. :
: NO. 07-4447
WARMINSTER TOWNSHIP, ET AL. :

SURRICK, J.                                                                                                                                         MAY  9th  , 2013

## MEMORANDUM

Presently before the Court is Plaintiffs' Motion to Vacate the Clerk of Court's Taxation of Costs. (ECF No. 178.) For the following reasons, Plaintiffs' Motion will be granted.

**I.    BACKGROUND**

On March 31, 2006, twenty-one year old Sean Sullivan was shot by police officers from the Warminster Township Police Department and the Warrington Township Police Department after he climbed out of a window in his mother's home attempting to escape arrest. (Mem. Summ. J. 1-2, ECF No. 99.) Sean Sullivan died as a result of the gunshot wounds. (*Id*.) Sean's parents, Plaintiffs Carol and Bruce Sullivan, filed this lawsuit on October 24, 2007, against the police officers and the municipalities, alleging constitutional violations, as well as violations of Pennsylvania state law. (Compl., ECF No. 1.)

Trial was held from March 21, 2011 to April 5, 2011. On April 5, 2011 the jury returned a verdict in favor of Defendants, and against Plaintiffs. Judgment was entered on the verdict. (Judgment, ECF No. 145.) On May 4, 2011, Plaintiffs filed an appeal. (Notice of Appeal, ECF No. 152.) On February 28, 2012, the Third Circuit Court of Appeals affirmed the judgment. (Judgment Affirmed, ECF No. 169.) On April 15, 2011, prior to the appeal, Defendants each

filed a Bill of Costs. (Bill of Costs, ECF Nos. 148, 149.) On May 2, 2012, Plaintiffs filed objections to the Bill of Costs. (Objections to Bill of Costs, ECF Nos. 171, 172.) On May 29, 2012, the Clerk of the Court taxed costs against Plaintiffs and in favor of Defendant John Blanchard in the amount of $23,782.62. (ECF No. 176.) On that same day, the Clerk taxed costs in favor of Warminster Township, Michael Murphy, James McCaffrey, Daniel Leporace, Christopher Springfield, Sean Harold, Ron Szymborski, and Casey Byrne (hereinafter "Warminster Defendants"), and against Plaintiffs in the amount of $25,398.42. (ECF No. 177.)

On June 6, 2012, Plaintiffs filed the instant Motion requesting that the Court vacate the costs awarded by the Clerk. (Pls.' Mot., ECF No. 178.) The Warminster Defendants filed a response to Plaintiffs' Motion on June 22, 2012. (Warminster's Resp., ECF No. 179.) Defendant Blanchard also filed a response on June 22, 2012. (Blanchard's Resp., ECF No. 180.) On July 2, 2012, Plaintiffs filed a reply in further support of their Motion. (Pls.' Reply, ECF No. 181.)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) provides in relevant part that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." The rule creates a strong presumption that costs be awarded to the prevailing party. *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 462 (3d Cir. 2000). The losing party bears the burden of demonstrating why the award of costs is inequitable under the circumstances. *Id*. at 462-63. "Only if the losing party can introduce evidence, and the district court can articulate reasons within the bounds of its equitable power, should costs be reduced or denied to the prevailing party." *Id.* at 468.

The court reviews the clerk's award under a *de novo* standard, and therefore can properly consider "new evidence and circumstances that militate[] in favor of reducing the earlier imposed costs award." *Id.* at 461. No deference is afforded the decision of the clerk. *Id.* (citing *Luby v. Teamsters Health, Welfare, & Pension Trust Funds*, 944 F.2d 1176, 1184 (3d Cir. 1991)). Ultimately, the award or denial of costs is within the sound discretion of the district court. *Adams v. Teamsters Local 115*, 678 F. Supp. 2d 314, 324 (E.D. Pa. 2007).

## III.  DISCUSSION

Plaintiffs argue that Bruce Sullivan sued solely in his capacity as the administrator of his deceased son's estate, and that as a result, the Court may not impose costs on Bruce Sullivan in his individual capacity. Plaintiffs also argue that the award of costs should be vacated as to Carol Sullivan because she is indigent and unable to pay an award of costs.

### A.  Bruce Sullivan's Liability for Costs

Plaintiffs maintain that Mr. Sullivan cannot be liable for costs because he filed the Complaint as a co-administrator of his deceased son's estate and did not bring any claims in his individual capacity. (Pls.' Mot. 6.)[1] Defendants argue that Plaintiffs' pursued Count 6, the wrongful death claim, on behalf of Mr. Sullivan, individually. (Warminster's Resp. 2; Blanchard's Resp. 13-15.) Defendants contend that Bruce Sullivan, as co-administrator of his deceased son's estate, lacked the capacity to assert a claim under Pennsylvania's wrongful death

---

[1] Established caselaw provides that an individual who brings a cause of action as an administrator cannot be held liable for costs in his individual capacity. *Mead v. Sherwin*, 118 A. 731, 734 (Pa. 1922) ("Where an executor unsuccessfully prosecutes in good faith a claim on behalf of the estate, he should not be held personally liable for costs, though there is a general judgment against him; and execution for costs issues against the estate only."). Defendants do not dispute that if Mr. Sullivan pursued claims on behalf of the estate only, he cannot be held personally liable for costs.

statute, and that therefore Mr. Sullivan's wrongful death suit must be construed as an individual claim. (*Id.*)[2]

Initially, we note that throughout the course of the trial, and in the various memoranda filed in this case, we have never had occasion to decide the issue of the proper Plaintiff for the wrongful death claim. In their motions to dismiss and motions for summary judgment, Defendants challenged the wrongful death claim on several grounds, but did not argue that the Sullivan estate lacked the capacity to assert a wrongful death action. On March 15, 2011, we granted Defendants' motion for summary judgment as to this Count, but did not determine the estate's capacity to sue under the wrongful death statute. (*See* Mem. Summ. J. 30-31.)[3]

---

[2] Defendants' contention is based on the language in Pennsylvania's wrongful death statute, which states that "the right of action created by this section shall exist only for the benefit of the spouse, children or parents of the deceased . . . ." 42 Pa. Cons. Stat. Ann. § 8301. *See Tulewicz v. Se. Pa. Transp. Auth.*, 606 A.2d 427, 431 (Pa. 1992) (noting that the damages recovered under a wrongful death claim "are not part of decedent's estate, but rather are compensation to individual members of the family for their loss"). Defendants, however, failed to note that while Section 8301 "controls the question of who is entitled to recovery from a wrongful death claim, Pennsylvania Rule of Civil Procedure 2202 controls who may bring a wrongful death cause of action." *Torres v. Brooks Armored Car Serv. Div.*, No. 93-5683, 1994 WL 143144, at *2 (E.D. Pa. Apr. 12, 1994). Rule 2202(b) provides the following:
> If no action for wrongful death has been brought within six months after the death of the decedent, the action may be brought by the personal representative or by any person entitled by law to recover damages in such action as trustee ad litem on behalf of all persons entitled to share in the damages.

"Although Pa. Rule 2202 is a 'procedural rule,' it is substantive in its effects. Thus it is to be applied by federal courts in Pennsylvania in wrongful death actions." *Torres*, 1994 WL 143144, at *2 n.2. According to established case law in Pennsylvania, Rule 2202(b) permits only one plaintiff to bring a cause of action—either the "personal representative, or any one of the persons entitled to recover damages who stands on behalf of all persons legally entitled to recover wrongful death benefits." *Myelle v. Am. Cyanamid Co.*, No. 92-5243, 1993 WL 93422, at *9 (E.D. Pa. Apr. 1, 1993) (stating that either the qualified administratrix or an individual entitled to recover could bring a wrongful death suit, but not both).

[3] Defendants argue that in our opinion ruling on Defendants' motions to dismiss, this Court implicitly recognized that the wrongful death claim was brought on behalf of family members of the deceased, rather than the estate. Defendants cite to the following language from our opinion:

4

Plaintiffs argue that Defendants were obligated to raise the issue of the capacity of the estate to sue as an affirmative defense, and because they failed to do so they are estopped from raising the issue at this juncture. (Pls.' Reply 6-8.) Federal Rule of Civil Procedure 9(a) provides that a defendant must challenge a plaintiff's capacity to sue by a "specific denial, which must state any supporting facts that are peculiarly within the party's knowledge." Fed. R. Civ. P. 9(a). Case law in this circuit recognizes that "a challenge to a party's capacity to sue or be sued is an affirmative defense, and failure to raise the defense results in its waiver." *Bowen Eng'g v. Estate of Reeve*, 799 F. Supp. 467, 474-75 (D. N.J. 1992) *aff'd*, 19 F.3d 642 (3d Cir. 1994); *In re Joy Global, Inc.*, No. 01-039, 2009 WL 1442694, at *5-7 (D. Del. May 22, 2009) (holding that capacity to sue challenge was a waivable affirmative defense); *Damp Trusts v. European Health Spa, Inc.*, No. 76-158, 1978 U.S. Dist. LEXIS 18299, at *5-6 (W.D. Pa. April 19, 1978) ("To give meaning to Rule 9(a), the view favoring waiver treats objections to capacity to sue as affirmative defenses, or matters of abatement, which should fall within the class of threshold defenses subject to waiver pursuant to Fed. R. Civ. P. 12(h)(1)."); *see also Pressman v. Estate of Steinvorth*, 860 F. Supp. 171, 176 (S.D.N.Y. 1994) (holding that under Rule 9(a), if the party does not raise issue of capacity to sue at the outset of a lawsuit then it is waived); *N.A.A.C.P. Labor Comm. of Front Royal, Va. v. Laborers' Int'l Union of N. Am.*, 902 F. Supp. 688, 698-99 (W.D. Va. 1993) *aff'd sub nom. Baltimore v. Laborers' Int'l Union of N. Am.*, 67 F.3d 293 (4th

---

"A claim under the wrongful death act permits certain family members to 'recover damages for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another . . . .'" (Blanchard's Resp. 15 (quoting May 27, 2010 Mem. 11, ECF No. 19).) Defendants are simply wrong. We did not implicitly recognize that a wrongful death claim could only be brought by family members. Moreover, Defendants did not challenge the capacity of the estate to bring the wrongful death claim, and we did not find that the estate was an improper party to the wrongful death suit.

Cir. 1995) (finding that the defendants waived meritorious capacity to sue defense by raising the issue over two years after the action was filed).

Defendants chose to challenge the estate's capacity to assert a wrongful death claim over one year after judgment on the verdict had been entered. Since Defendants did not raise the matter by "specific denial" they have waived the issue, and cannot now argue that the estate lacked the capacity to pursue the wrongful death claim. Paragraph 99 of the Complaint specifically provides that the wrongful death claim was brought by "Bruce Sullivan, as Co-Administrator of the Estate of Sean P. Sullivan, and Carol Sullivan, on her own behalf and Co-Administrator of the Estate of Sean P. Sullivan." (Compl. ¶ 99.) As Plaintiffs correctly observe, paragraph 99 makes it clear that Bruce Sullivan intended to bring the wrongful death claim as a co-administrator of the estate, and did not pursue this claim "on his own behalf." Since Bruce Sullivan brought no individual claims, and was not an individual party to this case he cannot be liable for costs under Rule 54(d)(1).

### B. Carol Sullivan's Indigence

A litigant may be exempted from costs if "[s]he is in fact indigent, if [s]he has adduced evidence that [s]he is indigent, and if the district court sees fit to reduce the costs award imposed for reasons of equity." *In re Paoli*, 221 F.3d at 464. While the Third Circuit has recognized that indigency is the most important factor for the court to consider, the losing party's inability to pay does not mean costs should be vacated automatically. *See id*. at 463-64. In assessing indigency we measure the losing party's "financial condition as it compares to whatever award the Court decides to tax against him or her." *Id*. at 464 n.5. As the Third Circuit has noted, "there are no hard and fast rules for assessing a losing party's indigency or inability to pay; district courts should use their common sense in making this determination." *Id.*

Ms. Sullivan has provided the court with an affidavit wherein she states that after witnessing her son's death, she has suffered from flashbacks of his death, depression, has had difficulty sleeping and concentrating, has suffered panic attacks, and has been diagnosed with Post-Traumatic Stress Disorder ("PTSD"). (Carol Aff. ¶ 4, Pls.' Mot.) She claims that as result of her PTSD diagnosis she has been unable to maintain employment. (*Id*. ¶¶ 4, 5.) She lives with her niece free of charge and receives $360.00 per month through the Government's food stamp and cash assistance program. (*Id*. ¶¶ 6,7.) She has no bank account and is unable to pay the approximately $4,000 bill for her son's funeral. (*Id*. ¶¶ 8, 9; Funeral Home Bill, Pls.' Mot. Ex. A)

In light of Ms. Sullivan's indigence, we are compelled to conclude, as a matter of equity, that the award of costs against her must be vacated in its entirety. Ms. Sullivan will not be able to pay these costs. She has no income, she has no bank account, and she survives off Government assistance and charity from her family. Clearly, to force Ms. Sullivan to pay costs in this matter "would be unduly burdensome" both financially and emotionally. *See Amorosi v. Molino*, No. 06-5524, 2010 WL 3058450, at *5 (E.D. Pa. Aug. 2, 2010) (quoting *Lindsey v. Vaughn*, No. 93-2030, 2001 WL 1132409, at *2 (E.D. Pa. Sept. 24, 2001) (granting motion to vacate costs where the plaintiff had been unemployed for five years, had no bank account, and whose only source of income was child support)); *Yudenko v. Guarinni*, No. 06-4161, 2010 WL 2490679, at *4-5 (E.D. Pa. June 15, 2010) (concluding that awarding costs would be punitive where the plaintiff who pursued Section 1983 action was disabled and had no assets).

In their reply, Plaintiffs also argue that the Estate of Sean P. Sullivan should not be required to pay these costs because it has no assets. (Pls.' Reply 2.)[4] Plaintiffs have provided no evidence in support of this conclusory statement, and without more the court cannot vacate costs against the estate based upon an inability to pay.

### C. Timeliness of Objections

Defendant Blanchard argues that Plaintiffs' objections to the Bill of Costs were untimely and therefore should not be considered by this court. (Blanchard's Resp. 5.) A proposed Bill of Costs was filed on April 15, 2011. Plaintiffs filed their objections to the Bill of Costs on May 2, 2012. Under Rule 54(d)(1) "the clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action." Blanchard argues that pursuant to Rule 54(d)(1), Plaintiffs were required to file any objections to the proposed Bill of Costs by April 22, 2011. (Blanchard's Resp. 5.)[5]

Rule 54(d)(1) does not establish any deadline as to when objections to the proposed bill of costs must be submitted. The rule simply provides a timeline for when the Clerk may tax costs, and when a party must file a motion with the district court to review the Clerk's action. The Clerk's Office Procedural Handbook for the United States District Court of the Eastern

---

[4] We also note that Plaintiffs argued that costs ought to be apportioned so that they are taxed against the estate alone, and not Bruce or Carol Sullivan in their individual capacity. We need not address the apportionment argument since the estate is the only Plaintiff at this point that may be liable for costs.

[5] In a footnote, Defendant Blanchard also asserts that Plaintiffs' Motion to Vacate Costs was untimely filed. (Blanchard's Resp. 2 n.1.) The Bill of Costs was entered by the Clerk on May 29, 2012. Plaintiffs' Motion was filed on June 6, 2012—one day passed the seven day deadline established by Rule 54(d)(1). We will not disregard Plaintiffs' Motion simply because it missed the imposed deadline by one day.

District of Pennsylvania provides the following guidance on when objections to the proposed bill of costs should be filed:

> The section of Federal Rule of Civil Procedure 54(d)(1) requiring fourteen days' notice simply means that at least fourteen days must elapse between the filing of the bill of costs and the taxing of costs; as a practical matter, it is usually necessary in the Eastern District of Pennsylvania for much more than fourteen days to process a taxation of costs request pursuant to § 1920 and these procedures. Costs will not be taxed until the underlying litigation is completed, and until after any period in which an appeal may be raised has lapsed; this is based on the simple principle that until the underlying litigation is over, the issue of who is the ultimately "prevailing party" has not yet been determined. Once the issue of who is the ultimately prevailing party has been finally determined, the clerk shall send letters to both parties (or their counsel) asking for objections in writing from the non-prevailing party within fourteen (14) days, with the prevailing party then having fourteen (14) days to respond in writing.

Clerk's Office Procedural Handbook U.S. Dist. Court for the E.D. Pa. (Sept. 2012), 47-48.

According to the Handbook, Plaintiffs' objections were due within fourteen days of receipt of a letter from the Clerk requesting objections. Neither party indicates when such a letter was received by the parties. It is therefore impossible for this Court to determine if these objections were timely filed.[6] In any event, Defendant has failed to indicate why a delay in filing objections with the Clerk would prevent this Court from considering Plaintiffs' Motion. The objections to the proposed bill of costs and a motion asking the court to review the Clerk's taxation of costs are distinct, and we will not disregard Plaintiffs' Motion based on arguments that the objections were untimely.

---

[6] While Plaintiffs did not provide a date for receipt of the Clerk's letter, they do assert that they filed their objections to the Bill of Costs within the fourteen day deadline. (Pls.' Mot. 3 n.1.)

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Vacate Costs will be granted.

An appropriate Order follows.

BY THE COURT:

_____
**R. BARCLAY SURRICK, J.**
